ZAMORA, Judge (concurring in part and dissenting in part). {47} I concur with the Majority that the district court erred in denying Defendants’ motion for directed verdict on the issue of loss of consortium and directed verdict issues. I also agree with the Majority’s analysis of the applicable independent intervening cause case law. The application of our jurisprudence on the doctrine of independent intervening cause to this case has been a difficult task. However, I am not persuaded that the independent intervening cause instruction is appropriate here. I am concerned that by allowing the instruction, we are realizing the concerns of the Torres court by unduly over-emphasizing the Defendants’ attempt to shift fault to the Decedent. For this reason, I respectfully dissent. Decedent’s Suicide Was the Direct Result of Defendants’ Negligence {48} Decedent’s act of suicide was a foreseeable risk created by Defendants’ negligence. In the context of negligence, an “intervening cause” is “[a]n event that comes between the initial event in a sequence and the end result, thereby altering the natural course of events that might have connected a wrongful act to an injury.” Black’s Law Dictionary 250 (9th ed. 2009). “An independent intervening cause is one that operates on a condition produced by an antecedent cause but in no way resulted from that cause.” Id. (emphasis in original omitted). Independent intervening cause constitutes a complete defense. Torres, 1999-NMSC-029, ¶ 19. In this case, the sequence of events began with Dr. Lopez-Colberg, aware of the manufacturer’s warning, prescribing a year’s worth of Paxil for Decedent without ensuring arrangements for follow up with Decedent or to monitor Decedent’s mental health, and ended with Decedent’s suicide. Decedent’s suicide was the direct result of Dr. Lopez-Colberg’s negligence. Because the suicide was the final event in the chain of causation, not an unrelated, outside force that came in and interrupted the sequence of events, it cannot be an independent intervening cause. Negligence Analysis Negates The Doctrine {49} The special verdict reveals the jury considered the issues of duty, foreseeability, proximate cause and cause in fact of Decedent’s death, and plaintiffs’ and defendants’ comparative negligence guided by the tendered jury instructions. The evidence demonstrated that this case presented a dispute over causation, an issue of fact the jury decided. See Calkins v. Cox Estates, 1990-NMSC-044, ¶ 5, 110 N.M. 59, 792 P.2d 36 (noting causation is a question of fact). “In New Mexico, negligence encompasses the concepts of foreseeability of harm to the person injured and of a duty of care toward that person.” Ramirez v. Armstrong, 1983-NMSC-104, ¶ 8, 100 N.M. 538, 673 P.2d 822, overruled on other grounds by Folz v. State, 1990-NMSC-075, ¶ 3, 110 N.M. 457, 797 P.2d 2460; see also UJI 13-1601 NMRA Committee commentary (noting the definition of negligence instruction “includes the indispensable element of foreseeability which is discussed in Ramirez"). “Foreseeability is a critical and essential component of New Mexico’s duty analysis because no one is bound to guard against or take measures to avert that which [she] would not reasonably anticipate as likely to happen. [T]here can be no duty in relation to another person absent foreseeability[.]” Herrera v. Quality Pontiac, 2003-NMSC-018, ¶ 20 (second alteration in original) (internal quotation marks and citations omitted). {50} The three significant jury instructions tendered to the jury were UJI 13-1601 Negligence; definition; UJI 13-1603 NMRA Ordinary care; and UJI 13-305 Causation. UJI 13-1601 states in pertinent part: An act, to be ‘negligence[,’] must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to ... herself or to another and which such a person, in the exercise of ordinary care, would not do. A failure to act, to be ‘negligence[,’] must be a failure to do an act which one is under a duty to do and which a reasonably prudent person, in the exercise of ordinary care, would do in order to prevent injury to . . . herself or to another. (Alterations omitted). If Decedent’s suicide was not a foreseeable result, then the jury had the option to find the treatment did not cause the suicide and, as a result, not assign any liability to Defendants. TJJI 13-1603 states in pertinent part: “As the risk of danger that should reasonably be foreseen increases, the amount of care required also increases.” This instruction allowed the jury to consider whether Defendant Lopez-Colberg breached her duty by prescribing the medication for an extended period of time without follow up and knowing the potential for increase in suicidiality. UJI 13-305 states in pertinent part: “An actor omission is a ‘cause’ of injury if it contributes to bringing about the injury, and if injury would not have occurred without it.” The jury was able to consider whether the suicide was a result of the undisclosed risk and lack of follow up care by her doctor, or whether Decedent in a psychotic state or of her own free will took her own life. {51} Foreseeability was an issue considered by the jury in connection with both causation and standard of care. This consideration involved a resolution of the conflicting evidence presented by the parties. Consequently, giving an instruction on independent intervening cause unduly emphasizes the Defendants’ shift of fault to the Decedent by giving Defendants multiple opportunities to shift or avoid liability. The jury necessarily found that Decedent’s act of suicide was a foreseeable consequence of Defendants’ negligence by imposing some liability on Defendants. The jury also considered Decedent’s comparative negligence by assigning her liability as well. {52} The “special relationship” exception to suicide as an independent intervening cause applies to cases like this. Johnstone, 2006-NMCA-119, ¶¶ 10-11. There was a treatment relationship between Decedent and Dr. LopezColberg in which the doctor knew or had reason to know of Decedent’s risk of suicide. There was also evidence presented for the jury to consider and decide whether the Defendants’ tortious conduct induced Decedent’s mental instability directly causing the suicide. Independent Intervening Cause Doctrine Is Not Applicable In This Case {53} Decedent’s suicide was the endresult in the sequence of events and the question before the jury was one of causation. The independent intervening cause doctrine has no place in the analysis. In my view, the first two primary lessons noted by the Majority apply to this case.[2] Defendants’ argument of foreseeability, as a complete defense, necessarily implicates Decedent’s negligence as the sole cause of her death. As discussed earlier, the question before the jury was whether Defendants’ negligence was the cause in fact of Decedent’s death, or causation. The Torres court noted “a trend in New Mexico toward simplifying the complex task of the jury in deciding issues of causation” and warned that “[t]he issue of independent intervening cause adds a complex layer of analysis to the jury’s determination of proximate caitse.” 1999-NMSC-029, ¶ 21. The Court limited the use of the instruction because it “is sufficiently repetitive of the instruction on proximate cause and the task of apportioning fault that any potential for jury confusion and misdirection outweighs its usefulness.” Id. {54} Here, the Majority correctly points out that foreseeability is a jury issue and that a finding of foreseeability precludes a finding of independent intervening cause. However, foreseeability was argued by Defendants in connection with both causation and breach of standard of care. So, instructing the jury on independent intervening cause in addition to the other foreseeability questions is redundant and risks confusion to the jury. Because the jury already necessarily found that Decedent’s suicide was foreseeable by imposing liability on Defendant, remanding this case for a new trial and giving the independent intervening cause instruction gives Defendants an unfair advantage by allowing them the opportunity to argue foreseeability multiple times. {55} The evidence at trial was directed at causation and the parties’ comparative fault. Accordingly, the principles of Torres, 1999-NMSC-029, and Chamberland, 2001-NMCA-045, apply directly to this case and a jury instruction on independent intervening cause is precluded. With all due deference, I am concerned that the Majority’s holding will result in confusion to the jury and inadvertent application of contributory negligence; the outcome our Supreme Court explicitly cautioned us against in Torres. 1999-NMSC-029, ¶ 18. {56} For these reasons, I respectfully dissent. M. MONICA ZAMORA, Judge Notably, Chamberland states the independent intervening cause presupposes the Defendant’s negligence and is in direct conflict with the Restatement (Second) of Torts, § 440 cmt. b. (1965) (“[T]here is no need of determining whether the actor’s antecedent conduct was or was not a substantial factor in bringing about the harm.”). See Chamberland, 2001-NMCA 045, ¶ 19.